RICHTER *v.* STOLZE.

LIBEL AND SLANDER — WORDS ACTIONABLE PER SE — DAMAGES— QUESTION FOR JURY.

It is error for a trial court to direct a verdict for nominal damages for words imputing to a woman want of chastity, made actionable *per se* under 3 Comp. Laws, § 10401.

Error to Wayne; Donovan, J. Submitted October 12, 1909. (Docket No. 50.) Decided November 5, 1909.

Case by Annie Richter against Ernest F. W. Stolze for slander. A judgment for plaintiff on a verdict directed by the court for nominal damages only is reviewed by plaintiff on writ of error. Reversed.

*Edward S. Grece,* for appellant.

*Washington I. Robinson* and *Henry C. L. Forler,* for appellee.

McALVAY, J. This is an action for slander. Plaintiff worked as a janitress in the Union Trust Building, in Detroit. Defendant was the head janitor of this building, and had charge over plaintiff and 14 others. Plaintiff was late coming to work on the day in question, at which defendant became angry, and in the presence of two witnesses used towards plaintiff the slanderous words charged.

The words charged and proved to have been spoken by defendant are unprintable, and imputed to plaintiff a want of chastity. Under section 10401, 3 Comp. Laws 1897, they were actionable *per se.* Upon the trial the court so held; but, instead of submitting the question of damages to the jury, he instructed a verdict in favor of plaintiff for six cents damages. Upon this instructed verdict a judgment was entered. A motion for a new

trial was made by plaintiff, claiming, among other reasons, that in instructing a verdict for the amount of damages plaintiff had suffered "the court invaded and usurped the province of the jury." This motion was denied, and plaintiff upon a writ of error brings the case to this court for review, assigning error upon such ruling and instruction of the court.

The court was in error. No discussion of so fundamental a proposition is necessary. The question of damages should have been submitted to the jury under proper instructions.

The judgment is reversed, and a new trial ordered.

BLAIR, C. J., and GRANT, MOORE, and BROOKE, JJ., concurred.